**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                      Plaintiff,<br><br>-vs.-<br><br>BUFNY II ASSOCIATES, L.P., HOUSING TRUST FUND CORPORATION, THE CITY OF NEW YORK, SALIMATA BOKUM, ALMAMY JAMMEH, LAMINE KONE, the NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, the NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, and JOHN DOES #1 THROUGH JOHN DOE #100, inclusive, the names of the last 100 defendants being fictitious, the true names of said defendants being unknown to plaintiff, it being intended to designate any occupants or tenants of the mortgaged premises who are in default in the payment of rent for which a proceeding is now pending by the mortgagor and/or other persons or parties having or claiming an interest in or lien upon the mortgaged premises subordinate to that of the mortgagee, if the aforesaid individual defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributes, executors, administrators, trustees, committees, devisees, legatees and the assignees, lienors, creditors, successors in interest of them, and generally all persons having or claiming under, by, through or against the said defendants named as a class, any right, title or interest in or lien upon the premises described in the complaint herein,<br><br>                      Defendants. | No. 1:23-cv-09795-JGLC<br><br>**ORDER APPOINTING RECEIVER** |

UPON the Summons and Complaint filed with the Clerk of the United States District Court for the Southern District of New York on November 6, 2023, and the Clerk's Certificate of Default filed on December 8, 2023, and upon reading and filing of the annexed declarations of Joel Shaddox, dated December 21, 2023, and Orazio Crisalli, dated December 7, 2023, and upon the motion of Akin Gump Strauss Hauer & Feld LLP, counsel for plaintiff Federal National Mortgage Association (the "Plaintiff"), for a receiver pursuant to Fed. R. Civ. P. 66, and upon any and all pleadings and papers filed in connection therewith; it is hereby

ORDERED, that Orazio Crisalli, with an address at 570 Lexington Avenue, Suite 1600, New York, NY 10022 is appointed with the usual powers and directives as receiver (the "Receiver") during the pendency of this action for the benefit of the Plaintiff, of all the rents and profits of the mortgaged premises located at 531 Lenox Avenue, New York, NY; 163 West 136th Street, New York, NY; 102 West 137th Street, New York, NY; 106 West 137th Street, New York, NY; 110 West 137th Street, New York, NY; 124 West 137th Street, New York NY; and 176 West 137th Street, New York, NY 10030 known as the BUFNY II Apartments (collectively, the "Property"), as more particularly described within the Property's Mortgage Agreement (defined *infra*); and it is further

ORDERED, that the Receiver is authorized and directed to demand, collect, and receive from the tenants of the Property or from any persons liable therefor all the rents now due and unpaid or hereafter and during the pendency of this action to become due, and that those tenants are directed to pay over to the Receiver all the rents now due and unpaid or hereafter and during the pendency of this action to become due, and that all persons in possession other than lawful tenants are directed to surrender possession to the Receiver, subject to any applicable emergency rent laws, if any; and it is further

1

ORDERED, the Receiver be empowered to carry out all the usual powers and duties of receivers in foreclosure actions, and as authorized under the express terms of Section 3 of the Multifamily Mortgage, Assignment of Rents and Security Agreement dated May 11, 2005 and recorded in the New York City Department of Finance Office of the City Register on May 18, 2005 under Control Number 2005051800576002 (the "<u>Mortgage Agreement</u>"), among Plaintiff's predecessor in interest and BUFNY II Associates, L.P. (the "<u>Borrower-Defendant</u>"), which is to enter upon and take and maintain full control of the Property in order to perform all acts that Plaintiff in its discretion determines to be necessary or desirable for the operation and maintenance of the Property, including:

(a) the execution, cancellation, or modification of leases,

(b) the collection of all rents,

(c) the making of repairs to the Property and the execution or termination of contracts providing for the management, operation, or maintenance of the Property,

(d) enforcing the assignment of rents pursuant to Section 3(a) of the Mortgage Agreement,

(e) protecting the Property or the security of the Mortgage Agreement, and

(f) all other roles, rights, and responsibilities specified in Section 3 of the Mortgage Agreement; and it is further

ORDERED, that for avoidance of doubt, the Receiver is authorized to lease the Property or any part thereof for terms not exceeding two (2) years or such longer terms as may be required by law; keep the Property in a proper state of repair in compliance with law and insured against loss or damage, and to make the expenditures necessary for said purposes and for the purpose of paying the necessary running expenses of the Property subject, however, to the qualification that

the Receiver shall not expend in the excess of $10,000 for any repair without further application to this Court; to pay any taxes, water rates, or assessments now due upon the Property or hereafter and during the pendency of this action to become due; to pay the principal and interest and other charges in connection with any prior encumbrances of the Property; and to institute and carry on such legal proceeding as may be necessary for the protection or recovery of the Property, for the collection of the rents and profits thereof, or for the removal of any tenant or other person from the Property, subject, however, to the qualification that the Receiver shall not retain counsel without further application to this Court; and it is further

ORDERED, that any payments of taxes, assessments, water rents, sewer rents, and/or insurance premiums made by Plaintiff for the benefit of the Property, or any advances to the Receiver for such purposes, shall be added to the total indebtedness due to Plaintiff by the Borrower-Defendant for whose benefit the funds are advanced under the loan documents evidencing the mortgage securing the Property; and it is further

ORDERED, that during the pendency of this action the Borrower-Defendant and its agents are enjoined and restrained from leasing, renting, or collecting the rents or profits of the Property, and from interfering with the Receiver or in any way with the Property or its possession, and that all lawful tenants of the Property and any persons liable for such rents are enjoined and restrained from paying the same to the Borrower-Defendant or to anyone except the Receiver; and it is further

ORDERED, that the Receiver is authorized to receive, and within five days after the Receiver is qualified the Borrower-Defendant shall turn over to the Receiver, all leases, rent rolls, security deposits of tenants of the Property, and any and all documents, records, service contracts, surveys, plans, specifications, and agreements relating to the management of the Property held by the Borrower-Defendant, together with any and all monies held or received by the Borrower-

3

Defendant in connection with the Property during the period commencing with the date of this Order to and including the date upon which the Receiver files with the clerk of this Court his or her bond as set forth below, except for those monies disbursed by the Borrower-Defendant during said period for the operation of the Property; and thereupon the Receiver shall hold such security subject to such disposition therefor that shall be provided in an order of this Court to be made and entered in this action; and it is further

ORDERED, that before entering upon his/her duties, the Receiver shall execute to the People of the State of New York, and file with the Clerk of this Court his/her oath and, a bond with sufficient sureties in the sum of $100,000.00 with respect to the Property with a surety company as surety for the faithful discharge of his/her duties as the Receiver; and it is further

ORDERED, the Receiver shall promptly deposit all monies received by him/her in respect of the Property in a checking account established for the Property at NBT Bank, N.A. (the "<u>Depository</u>"), such accounts to be in his/her name, as Receiver, and to show the name of this case; the Depository shall furnish monthly statements regarding such accounts to the Receiver and to Plaintiff's counsel, and it is ordered that the Receiver shall continue as Receiver until further order of this Court, and it is further

ORDERED, that the Receiver shall not make any secondary appointments without the prior written approval of the Court, and that the Receiver shall apply to the Court in a separate application for a property manager, landlord tenant-counsel, or other managing services; and it is further

ORDERED, that the Receiver shall register with any municipal departments as provided by applicable law; and it is further

ORDERED, that the Receiver shall give a priority to the expenditure of rents and income and profits to the correction of immediately hazardous conditions and violations of housing maintenance laws within the time set by orders of any municipal department, or, if not practicable, seek a postponement of time for compliance; and it is further

ORDERED, that the Receiver shall file monthly accountings for the Property with Plaintiff's counsel, Akin Gump Strauss Hauer & Feld LLP, beginning within seven days of the first day of the first month following entry of this Order and monthly thereafter during the term of the receivership; and it is further

ORDERED, that by accepting this appointment the Receiver certifies that he shall execute and file an oath with the Court that he will faithfully and fairly discharge the trust committed to him, subject to the provisions set forth below; and it is further

ORDERED, that by accepting the receivership appointment and entering upon the duties of the receivership, the Receiver certifies that, as of the date this order is executed he is qualified to serve as receiver pursuant to the applicable laws; capable of serving as the Court-appointed Receiver; and that if at any time during the receivership, he is no longer qualified or capable of serving as the Court-appointed Receiver, he will promptly notify the Court; and it is further

ORDERED, that by accepting the appointment, the Receiver additionally certifies that he shall obey the Court's orders, is familiar and experienced with the duties and responsibilities of a receiver and is fully capable and prepared to assume and meet those duties and responsibilities; and it is further

ORDERED, that no fee shall be taken by the Receiver unless and until approval and confirmation of such fee is given by this Court on notice to all parties; and it is further

ORDERED, that payment of the Receiver shall be in accordance with 28 U.S.C.A. § 3103(g); subject to judicial settlement of the Receiver's final accounts; and it is further

ORDERED, that the Receiver is empowered to market and sell the Property, subject to the approval of this Court in accordance with 28 U.S.C. 3103 and 28 U.S.C. 2001; and it is further

ORDERED, that if Plaintiff and the Borrower-Defendant each consent to the sale of the Property by the Receiver and agree in writing to waive the requirements of 28 U.S.C. 2001, the Receiver may sell the Property without further approval of the Court; and it is further

ORDERED, that upon consummation of any sale of the Property by the Receiver or assignment of the mortgage loan by Plaintiff, the receivership shall terminate, subject to the right of the Receiver to make further application to this Court with respect to any aspect of the receivership, including payment of fees and expenses, discharge of bond, disposition of amounts held in bank accounts including security deposits, or other such acts necessary or ancillary to the winding up of the receivership.

The Clerk of Court is directed to terminate ECF No. 57.

Dated: New York, New York

_____May 15_____, 2025

_____
*Jessica Clarke*
The Honorable Jessica G. L. Clarke
United States District Court Judge