UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                          Plaintiff,<br><br>    -vs.-<br><br>BUFNY II ASSOCIATES, L.P., HOUSING TRUST FUND CORPORATION, THE CITY OF NEW YORK, SALIMATA BOKUM, ALMAMY JAMMEH, LAMINE KONE, the NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, the NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, and JOHN DOES #1 THROUGH JOHN DOE #100, inclusive, the names of the last 100 defendants being fictitious, the true names of said defendants being unknown to plaintiff, it being intended to designate any occupants or tenants of the mortgaged premises who are in default in the payment of rent for which a proceeding is now pending by the mortgagor and/or other persons or parties having or claiming an interest in or lien upon the mortgaged premises subordinate to that of the mortgagee, if the aforesaid individual defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributes, executors, administrators, trustees, committees, devisees, legatees and the assignees, lienors, creditors, successors in interest of them, and generally all persons having or claiming under, by, through or against the said defendants named as a class, any right, title or interest in or lien upon the premises described in the complaint herein,<br><br>                          Defendants. | No. 1:23-cv-09795-JGLC<br><br>**JUDGMENT OF**<br>**FORECLOSURE AND SALE** |

Upon all of the papers and pleadings filed in this action, including the Summons and Complaint filed on November 6, 2023 and the Notice of Pendency filed in the New York County Clerk's Office on November 8, 2023; and upon the motion of Federal National Mortgage Association ("Plaintiff") for a Default Judgment of Foreclosure and Sale, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2(b) (the "Motion"), including the Declaration of Dean L. Chapman Jr. in support of the Motion dated January 22, 2024, the Declaration of Joel Shaddox in support of the Motion dated January 22, 2024 together with the exhibits thereto, and Plaintiff's memorandum of law in support of the Motion dated January 22, 2024 together with the exhibits thereto, it is hereby:

**ORDERED**, that a judgment of foreclosure and sale is hereby granted to Plaintiff, and against Defendants BUFNY II Associates, L.P. ("Borrower"), the Housing Trust Fund Corporation, the City of New York, Salimata Bokum, Almamy Jammeh, Lamine Kone, the New York City Department of Housing Preservation and Development, the New York City Environmental Control Board; and it is further

**ORDERED**, that the total amount due to Plaintiff by Borrower under the loan documents governing Plaintiff's mortgage loan as of December 31, 2023 is $1,243,021.61; and it is further

**ORDERED,** that the mortgaged premises commonly known as the BUFNY II Apartments, located at 531 Lenox Avenue, New York, NY; 163 West 136th Street, New York, NY; 102 West 137th Street, New York, NY; 106 West 137th Street, New York, NY; 110 West 137th Street, New York, NY; 124 West 137th Street, New York NY; and 176 West 137th Street, New York, NY 10030, described in the Complaint and in Schedule "A" annexed hereto (the "Property"), together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, shall be sold in one

parcel within ninety days of the date of the judgment, at a public auction at the United States Courthouse 500 Pearl Street, New York, NY 10007 by and under the direction of Ian V. Lagowitz of Trigild IVL Group, LLC with an address of 24 Church Street, Montclair, New Jersey 07042 who is hereby appointed Sale Referee for that purpose; and that the Sale Referee give public notice of the time and place of such sale according to law and practice of this Court and RPAPL § 231 in *The Wall Street Journal*; and it is further

**ORDERED** that the Sale Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record (the "Purchaser"), and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the Property, and pay to the Sale Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

**ORDERED** that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall immediately and on the same day be reoffered at auction; and it is further

**ORDERED**, that the Sale Referee shall then deposit the down payment and proceeds of sale, as necessary, in an FDIC insured bank (the "Depository") in his own name as the Sale Referee; and it is further

**ORDERED**, the closing of title shall be had no more than thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED**, that at closing of title Sale Referee shall execute to the Purchaser a deed of the premises sold in exchange for receipt of the proceeds of the sale; and it is further

**ORDERED**, that the Sale Referee shall then deposit the balance of the proceeds of sale in his own name as Sale Referee in the Depository, and make the following payments:

FIRST. To the Sale Referee, the sum of $750.00 for his or her fees.

SECOND. All taxes, assessments, sewer rents or water rates which are, or may become, liens on the Property at the time of sale, with such interest or penalties which may have lawfully accrued to the date of payment;

THIRD. To Plaintiff or the Sale Referee, as appropriate, the expenses of the sale and the advertising expenses as shown on the bills presented to the Sale Referee and certified by him to be correct, duplicate copies of which shall be annexed to the report of sale.

FOURTH To Plaintiff, $1,243,021.61 this being the amount due and owing to the Plaintiff under the loan documents governing Plaintiff's mortgage loan as of December 31, 2023, together with (i) all additional funds expended, advanced, or otherwise paid by Plaintiff for the benefit of the Property and/or in connection with the foreclosure thereof from January 1, 2024 through the date of sale as may be demonstrated to the Sale Referee at the outset of the sale by way of receipts, affidavit or other similar evidence, including, but not limited to, payments of taxes, payment of insurance premiums, and any additional compensation paid by Plaintiff to the Sale Referee in connection with the foreclosure of the Property; (ii) all additional reasonable attorneys' fees and costs incurred by the Plaintiff in enforcing its mortgage securing the Property from January 1, 2024 through the date of the sale as may be demonstrated to the Sale Referee at the outset of the sale by way of receipts, affidavit or other similar evidence; and (iii) the interest accruing at the contract and default rate from January 1, 2024 through the date of the entry of this judgment; or as much as the purchase money of the mortgaged premises will cover.

FIFTH.      To the extent of any surplus remaining after the payment of the foregoing sums, to all entities holding any valid lien junior in priority to the underlying mortgage, the value of those liens.

SIXTH.     If the Sale Referee intends to apply for a further allowance for his fees, an application shall be made to this Court therefor and the Sale Referee shall be paid any additional amount awarded by this Court out of the surplus monies arising from the sale; and it is further;

**ORDERED**, that surplus monies remaining after payment of the amounts FIRST through SIXTH, if any, shall be withdrawn only on the order of a Judge of this Court; and it is further

**ORDERED**, in the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the Sale Referee or his duly appointed designee, the Sale Referee shall not require Plaintiff to pay in cash the amount bid at the sale, but shall execute and deliver to Plaintiff a deed or deeds of the premises sold upon either (i) payment to the Sale Referee of the amounts specified above as "FIRST," "SECOND," and "THIRD," *supra*, or (ii) filing with the Sale Referee receipts showing the payment thereof; that if there shall be a surplus over and above the amounts due to Plaintiff specified as "FOURTH" *supra*, then Plaintiff shall pay to the Sale Referee, upon delivery to Plaintiff of the Sale Referee's deed, the amount of such surplus; that the Sale Referee, on receiving this surplus from Plaintiff, shall pay to all other entities holding any valid lien junior in priority to the underlying mortgage, the value of those liens, and shall then deposit the balance with the Depository; and it is further

**ORDERED**, that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the Purchaser, not by the Sale Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

**ORDERED**, that the Sale Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, and the Plaintiff shall recover from the Borrower the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED,** that each and all of the Defendants, and all the persons claiming under them, after filing of the notice of the pendency of this action, be and hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any;

any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law.

     A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: New York, New York

_____May 15_____, 2025

_____
The Honorable Jessica G. L. Clarke
United States District Court Judge

## SCHEDULE A
## DESCRIPTION

The Property consists of seven parcels which are described as follows:

1.      Parcel 1, Block 1921 Lot 34 on the land and tax map of the County of New York in the State of New York, and is described in the said mortgage as follows, to wit:

> ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:
> BEGINNING at a point on the westerly side of Lenox Avenue, distant 25 feet 4 inches southerly from the corner formed by the intersection of the southerly side of 137th Street with the westerly side of Lenox Avenue;
> RUNNING THENCE westerly parallel with 137th Street and part of the distance through a party wall 75 feet;
> THENCE southerly parallel with Lenox Avenue 54 feet;
> THENCE easterly parallel with 137th Street and part of the distance through a party wall 75 feet to the westerly side of Lenox Avenue;
> THENCE northerly along the westerly side of Lenox Avenue 54 feet to the point or place of BEGINNING.

2.      Parcel 2, Block 1921 Lot 7 on the land and tax map of the County of New York in the State of New York, and is described in the said mortgage as follows, to wit:

> ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:
> BEGINNING at a point on the northerly line of West 136th Street distant 121 feet easterly from the corner formed by the intersection of the northerly line of West 136th Street with the easterly line of Adam Clayton Powell Jr. Blvd. (7th Avenue);
> RUNNING THENCE northerly, parallel with Adam Clayton Powell Jr. Blvd., 99 feet 11 inches to the centerline of the block;
> THENCE easterly, parallel with West 136th Street and along said center line, 54 feet;
> THENCE southerly, parallel with Adam Clayton Powell Jr. Blvd., 99 feet 11 inches to a point on the northerly line of West 136th Street;
> THENCE westerly along the northerly line of West 136th Street, 54 feet to the point or place of BEGINNING.

3.      Parcel 3, Block 1921 Lot 37 on the land and tax map of the County of New York in the State of New York, and is described in the said mortgage as follows, to wit:

> BEGINNING at a point on the southerly line of West 137th Street distant 75 feet westerly from the corner formed by the intersection of the southerly line of West 137th Street with the westerly line of Lenox Avenue;

>RUNNING THENCE southerly, parallel with Lenox Avenue, 99 feet 11 inches to the center line of the block;
>THENCE westerly, parallel with West 137th Street and along said center line 25 feet;
>THENCE northerly, parallel with Lenox Avenue, 99 feet 11 inches to a point on the southerly line of West 137th Street;
>THENCE easterly along the southerly line of West 137th Street, 25 feet to the point or place of BEGINNING.

4. Parcel 4, Block 1921 Lot 38 on the land and tax map of the County of New York in the State of New York, and is described in the said mortgage as follows, to wit:

>ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:
>BEGINNING at a point on the on the southerly line of West 137th Street distant 100 feet westerly from the corner formed by the intersection of the southerly line of West 137th Street with the westerly line of Lenox Avenue;
>RUNNING THENCE southerly, parallel with Lenox Avenue, 99 feet 11 inches to the center line of the block;
>THENCE westerly, parallel with West 137th Street and along said center line 50 feet;
>THENCE northerly, parallel with Lenox Avenue, 99 feet 11 inches to a point on the southerly line of West 137th Street;
>THENCE easterly along the southerly line of West 137th Street, 50 feet to the point or place of BEGINNING.

5. Parcel 5, Block 1921 Lot 40 on the land and tax map of the County of New York in the State of New York, and is described in the said mortgage as follows, to wit:

>ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:
>BEGINNING at a point on the on the southerly line of West 137th Street distant 150 feet westerly from the corner formed by the intersection of the southerly line of West 137th Street with the westerly line of Lenox Avenue;
>RUNNING THENCE southerly, parallel with Lenox Avenue, 99 feet 11 inches to the center line of the block;
>THENCE westerly, parallel with West 137th Street and along said center line 41 feet 8 inches;
>THENCE northerly, parallel with Lenox Avenue, 99 feet 11 inches to a point on the southerly line of West 137th Street;
>THENCE easterly along the southerly line of West 137th Street, 41 feet 8 inches to the point or place of BEGINNING.

6. Parcel 6, Block 1921 Lot 46 on the land and tax map of the County of New York in the State of New York, and is described in the said mortgage as follows, to wit:

>ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:
>BEGINNING at a point on the on the southerly line of West 137th Street distant 300 feet westerly from the corner formed by the intersection of the southerly line of West 137th Street with the westerly line of Lenox Avenue;
>RUNNING THENCE southerly, parallel with Lenox Avenue, 99 feet 11 inches to the center line of the block;
>THENCE westerly, parallel with West 137th Street and along said center line 75 feet;
>THENCE northerly, parallel with Lenox Avenue, 99 feet II inches to a point on the southerly line of West 137th Street;
>THENCE easterly along the southerly line of West 137th Street, 75 feet to the point or place of BEGINNING.

7.   Parcel 7, Block 1921 Lot 57 on the land and tax map of the County of New York in the State of New York, and is described in the said mortgage as follows, to wit:

>ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:
>BEGINNING at a point on the southerly line of West 137th Street distant 125 feet easterly from the corner formed by the intersection of the southerly line of West 137th Street with the easterly line of Adam Clayton Powell Jr. Blvd. (7th Avenue);
>RUNNING THENCE easterly along the southerly line of West 137th Street, 50 feet;
>THENCE southerly, parallel with Adam Clayton Powell Jr. Blvd., 99 feet 11 inches to the center line of the block;
>THENCE westerly, parallel with West 137th Street and along said center line, 50 feet;
>THENCE northerly, parallel with Adam Clayton Powell Jr. Blvd., 99 feet 11 inches to the southerly line of West 137th Street to the point or place of BEGINNING.